UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS G. ROGERS,<br><br>          Plaintiff,<br>     v.<br><br>MARTIN H. MELLMAN and GOLD GERSTEIN GROUP, LLC,<br><br>          Defendants. | CIVIL NO. 16-1832 (NLH/AMD)<br><br>OPINION |

**APPEARANCES:**

Luis G. Rogers
123 Colonial Road
Beverly, NJ 08010
     *Pro Se Plaintiff*

Charles Patrick Montgomery
Douglas F. Johnson
Earp Cohn P.C.
20 Brace Road
4th Floor
Cherry Hill, NJ 08034
     *Attorneys for Defendants*

**HILLMAN, District Judge**

     This case is an offshoot of a case presently before this Court.  The related case, Liberty Bell Bank v. Luis G. Rogers, et al., C.A. No. 13-7148, involves a fraudulent scheme orchestrated by Luis G. Rogers through various entities that Rogers controlled, including LGR, which caused multi-million dollar losses to Liberty Bell Bank.  On September 22, 2015, the Court granted summary judgment to Liberty Bell Bank on its

federal Racketeer Influenced and Corrupt Organizations Act (hereafter, "RICO") claim against Rogers and LGR. The Court also appointed a Receiver, Martin H. Mellman of the Goldstein Group, LLC, to take over LGR's day-to-day operations, receive funds, and pay creditors.

On March 31, 2016, Rogers filed the instant complaint against Martin H. Mellman and the Goldstein Group, LLC, claiming that Mellman has been "derelict, negligent and deceitful" in carrying out his responsibilities as a court-appointed receiver. (Compl. at 5.) Specifically, Plaintiff argues Mellman has failed to manage LGR's debts, negotiate options for equipment leases, and sell assets at market value. (Id. at 6.) Rogers's complaint followed numerous instances in which Rogers asserting the same unsubstantiated claims in opposition to the exercise of the Receiver's court-appointed duties.

On April 22, 2016, Defendants moved to dismiss Rogers' complaint, arguing that it fails to state a claim and that Defendants are immune from the claims stated in the complaint under the doctrine of quasi-judicial immunity. Plaintiff's opposition repeats the allegations made in the complaint. For the reasons that follow, Plaintiff's complaint will be dismissed.

I.  **STANDARD FOR MOTION TO DISMISS**

When considering a motion to dismiss a complaint for

failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft

3

v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has provided a three-part analysis in reviewing a complaint under Rule 12(b)(6). First, the Court must take note of the elements needed for plaintiff to state a claim. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). Second, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id.; Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Third, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. Id. A complaint must do more than allege the plaintiff's entitlement to relief. Fowler, 578 F.3d at 210; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This

4

'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

## II. ANALYSIS

It is well established that "[a] judicial officer in the performance of his [or her] duties has absolute immunity from suit and will not be liable for his [or her] judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (citing Mireles v. Waco, 502 U.S. 9, 12 (1991)). "[A]bsolute immunity has been extended to protect those nonjudicial officials whose activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge." Jodeco, Inc. v. Hann, 674 F. Supp. 488, 497 (D.N.J. 1987) (township zoning board acted in a quasi-judicial capacity and was therefore entitled to absolute immunity); see also Kermit Const. Corp. v. Banco Credito Y Ahorro Ponceno, 547 F.2d 1 (1st Cir. 1976) (receiver who carries out orders of appointing judge shares the judge's absolute immunity); Davis v. Bayless, 70 F.3d 367, 373 (5th Cir. 1995) ("Court appointed receivers act as arms of the court and are entitled to share the appointing judge's absolute immunity provided that the challenged actions are taken in good faith and within the scope of the authority granted to the receiver"); Prop. Mgmt. & Invs., Inc. v. Lewis,

5

752 F.2d 599, 602 (11th Cir. 1985) (same).  "[A]t the heart of the doctrine of quasi-judicial immunity lies the notion that 'the acts, alleged to have been wrongful, were committed by the officer in the performance of an integral part of the judicial process.' " Jodeco, 674 F. Supp. at 497 (citing (Robichaud v. Ronan, 351 F.2d 533, 536 (9th Cir. 1965)).

The Court finds that Defendants are entitled to quasi-judicial immunity.  All of Rogers' allegations are based on Mellman's authorized actions as a court-appointed receiver pursuant to court order.  Accordingly, Plaintiff's complaint must be dismissed.

Furthermore, this matter may be dismissed on other grounds. Plaintiff's instant complaint is duplicative of the action already pending before this Court and is therefore an unnecessary drain on judicial and receivership resources. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976) ("As between federal district courts  . . .  the general principle is to avoid duplicative litigation."); Complaint of Bankers Trust Co. v. Chatterjee, 636 F.2d 37, 40 (3d Cir. 1980) ("As such, a district court may properly consider the conservation of judicial resources and comprehensive disposition of litigation and attempt to avoid duplicating a proceeding already pending in a federal district court.") (further citation

and quotations omitted).  Importantly, dismissal of this case does not deprive Plaintiff of a voice to express his concerns, or a forum to assert his legal and equitable rights, as he remains a party to the parallel proceedings.  Plaintiff has in the past brought, and the dismissal of this case in no way precludes him in the future from bringing, his legitimate concerns regarding this litigation in the first-filed docket through procedurally proper means.  Thus, dismissal of this complaint serves to avoid duplicative and parallel proceedings.

### III. CONCLUSION

For the reasons expressed above, Defendants' motion to dismiss will be granted.  An appropriate Order follows.

                                    __s/ Noel L. Hillman_____
                                    NOEL L. HILLMAN, U.S.D.J.
Dated: _July 7, 2016_____

At Camden, New Jersey